[No. 7040.—In Bank.]
March 9, 1882.

## B. F. STEVENS *v.* CORNELIUS QUIRK ET AL..

PRIOR POSSESSION—EJECTMENT—FINDING.—Ejectment upon an alleged prior possession.  Findings upon this issue and judgment for defendant.  *Held:* The finding was justified by the evidence.

ID.—ID.—IMMATERIAL FINDING—PREËMPTIONER.—*Held further:* The finding that the defendant entered as preëmptioner was not sustained by the evidence; but the fact found is immaterial.

APPEAL from a judgment for the defendant and from an order denying a new trial in the Twentieth District Court of the County of Monterey.  BELDEN, J.

The following are the findings of the Court:

1. This controversy is concerning the north one half of the southwest quarter of section 23, township seventeen

south, range 6 east, Mount Diablo meridian, and located in the County of Monterey.

The whole of this section was, and still is, a part of the public domain and subject to preëmption.

2. In the year 1873 the plaintiff entered upon the northeast quarter of section 23, township seventeen south, range 6 east, Mount Diablo meridian, and erected thereupon a dwelling house and outbuildings, and has since with his family resided upon the same.

3. During that year (1873), and the following year the plaintiff plowed and cultivated portions of the southwest quarter of section 23, but had no fencing upon the same. Nor was there any house upon the same until August, 1878, when the plaintiff erected a small shanty about twelve feet square upon said southwest quarter. This shanty was not occupied by any person, and was placed there for the sole purpose of "holding" said quarter and preventing other parties locating upon the same.

4. During all the time that plaintiff has resided upon this section, one "Williams" has been an intimate friend of his family, and has frequently visited at the house of plaintiff, remaining as plaintiff's guest for many days at a time.

Williams is a mechanic and has all this time resided at "Menlo Park," his visits to plaintiff being occasional and only as a matter of friendship.

5. At the time plaintiff erected the small house upon this southwest quarter, he caused a written notice to be placed upon the same in which this southwest quarter was claimed to be located and held for this man "Williams." This cabin was about half a mile from the house occupied by plaintiff as a dwelling. About the time that this cabin was built plaintiff also procured a well to be dug near this cabin. This well was about eight feet deep, and plaintiff paid for digging the same.

6. No other work or improvement was made by plaintiff upon this southwest quarter than the construction of this cabin, digging this well and cultivating portions of the land. No fencing or inclosure of any kind has been placed by plaintiff upon this southwest quarter.

7. Upon the northeast quarter of section 23, occupied by

plaintiff's dwelling, there are one hundred and sixty acres claimed by plaintiff as a preëmption and all occupied and controlled by plaintiff as such.

8. The small cabin was occasionally used by plaintiff to store grain or hay in, but generally there was nothing in it. It was never occupied by any person as a residence or dwelling. In 1876 and 1877 the plaintiff cultivated about one hundred acres of the southwest quarter, most of it for hay, but a small piece in potatoes.

9. Upon the 10th of September, 1878, the defendant, "Cornelius Quirk," entered upon this southwest quarter, claiming to so do as a preëmptioner. He erected a small cabin near the small cabin built by plaintiff, and ever since has and still occupies the same.

Both plaintiff and defendant are qualified preëmptioners of the United States, and the defendant was in the occupation of the southwest quarter when this action was commenced, and is still occupying the same, claiming to do so as a preëmptioner.

The plaintiff has not had such exclusive possession and control of the north one half of the southwest quarter of section 23 as will enable him to maintain ejectment against a qualified preëmptioner, who enters for the purpose of preëmpting the same.

Judgment for the defendant for his costs of suit.

*S. M. Swinnerton,* for Appellant.

It does not matter for the purposes of this action what the intentions or object of plaintiff were, if the fact is established beyond dispute that plaintiff was cultivating and using the land at the time of defendants' entry on the same. Public land of the United States is not subject to entry by any one while it is in the possession of another. On the authority of *Atherton* v. *Fowler,* 96 U. S. 513; *Hosmer* v. *Wallace,* 7 Otto, 579, and *Hosmer* v. *Duggan,* 56 Cal. 257. The plaintiff in this action relies on cultivation as evidence of his possession, and there is no *conflict* of evidence on the point in the record.

*Wm. H. Webb,* for Respondent.

The COURT:

For the reasons given by Department Two in its opinion in this case, filed November 8, 1881, the judgment and order are affirmed.

The following is the opinion of Department Two referred to:

The COURT:

The plaintiff's right to recover in this action depended upon the question of his prior possession, and upon that question the Court found against him. There is some conflict in the testimony upon the point, but we do not think that the evidence by the plaintiff established a case of prior possession upon which he could recover in this action.

We are unable to find any evidence to sustain the finding that the defendant entered as a preëmptioner. But it is quite immaterial whether he did or not.

Judgment and order affirmed.